UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BRANDON K. KUYKENDALL,

    Plaintiff,

v.        Civ. No. 2:25-608 JB/GJF

NEW MEXICO JUDICIAL STANDARDS
COMMISSION,

    Defendant.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON DEFENDANT'S MOTION TO DISMISS[1]

This case arises from a June 4, 2020 determination by Defendant New Mexico Judicial Standards Commission ("Defendant" or "the Commission") that no action be taken on a complaint that Plaintiff brought against then-New Mexico State District Judge Kea W. Riggs. *See* Compl., Dkt. No. 1-1. Judge Riggs had presided for a time over a domestic custody proceeding brought by Mr. Kuykendall in New Mexico State Court, *Brandon K Kuykendall v. Kristen Weger*, D-504-DM-200500548 ("State Custody Case"). *See* Compl. 2, Dkt. No. 1-1.

On July 2, 2025, Defendant filed in the present case a *Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted* (Dkt. No. 4). Plaintiff, who is proceeding *pro se*, did not file a timely response to the motion, and Defendant filed a notice of completion of briefing on August 5, 2025 (Dkt. No. 10). More than four months later, on December 19, 2025, Plaintiff filed the following motions: (i) *Motion Confirming Preservation of Jury Trial Right Following Transfer to Federal Jurisdiction* (Dkt. No. 12) ("*Motion for Jury Trial*"); (ii) *Motion for Evidentiary Hearing on Jurisdictional Record* (Dkt. No. 13) ("*Motion for Evidentiary*

---

[1] The undersigned files this Proposed Findings and Recommended Disposition ("PFRD") pursuant to the presiding judge's Order of Reference on August 8, 2025. Order, Dkt. No. 11.

*Hearing*"); (iii) *Motion to Stay and Enjoin State Proceedings and Enforcement Pending Jurisdictional Determination* (Dkt. No. 14) ("*Motion to Stay*"); and (iv) *Motion for Judicial Notice of Official State Court Records and Absence of Jurisdictional Transcript* (Dkt. No. 15) ("*Motion for Judicial Notice*"). On December 22, 2025, Plaintiff belatedly filed a response to the motion to dismiss (Dkt. No. 16). Defendant thereafter filed a reply (Dkt. No. 18) and an amended notice of completion of briefing (Dkt. No. 19). Without leave of the Court, Plaintiff filed a sur-reply (Dkt. No. 20) in opposition to the motion to dismiss on January 23, 2026. Defendant did not file responses to Plaintiff's motions and the deadlines for submitting any have passed. This matter is therefore ready for decision on all pending motions.

Having considered the motion to dismiss, the briefs in support and opposition, Plaintiff's motions, the complaint, and relevant law, the Court recommends that the motion to dismiss be granted. The Court further recommends that Plaintiff's *Motion for Judicial Notice* (Dkt. No. 15) be granted only to the limited extent the Court considers the state court record in ruling on the motion to dismiss, but it should otherwise be denied. Finally, the undersigned recommends that Plaintiff's *Motion for Jury Trial* (Dkt. No. 12), *Motion for Evidentiary Hearing* (Dkt. No. 13), and *Motion to Stay* (Dkt. No. 14) be denied as moot.

## I.    BACKGROUND[2]

Beginning in 2005, Plaintiff was a petitioner in a paternity, custody and child support case in state court in Chaves County, New Mexico. *See Kuykendall v. Weger*, D-504-DM-200500548,

---

[2] Plaintiff attached to his complaint a portion of the docket sheet of the official court record from the State Custody Case. *See* Ex. A, Dkt. No. 1-1 at 6 of 7. He also attached the June 4, 2020 letter from the Commission regarding its consideration of his complaint to the Commission. *See* Ex. B, Dkt. No. 1-1 at 7 of 7. A court may consider on a Rule 12(b)(6) motion information that is subject to proper judicial notice or documents incorporated into the complaint by reference and central to the plaintiff's claim, unless their authenticity is questioned. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (quoting *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005)). Accordingly, the following factual allegations are taken from Plaintiff's complaint, the exhibits attached thereto, and the state court record in *Kuykendall v. Weger*, D-504-DM-200500548.

New Mexico Courts Case Lookup, https://caselookup.nmcourts.gov/caselookup/app. On July 8, 2015, then-state District Judge Kea W. Riggs presided over the case and entered an Order to Show Cause requiring Mr. Kuykendall to attend an August 17, 2015 hearing. *See id.*; Ex. A, Dkt. No. 1-1 at 6 of 7. Service on Mr. Kuykendall for the hearing did not occur. *See id.*; Compl. ¶ 4, Dkt. No. 1-1. Judge Riggs held the August 17, 2015 hearing, despite Mr. Kuykendall not being present. *See* Ex. A, Dkt. No. 1-1 at 6 of 7; Compl. ¶ 5, Dkt. No. 1-1. Afterwards, she entered an order to withhold his income. *See* Ex. A, Dkt. No. 1-1 at 6 of 7; Compl. ¶ 5, Dkt. No. 1-1.

Litigation continued in the case, including significant motion practice by Mr. Kuykendall, and the case was reassigned to another judge on November 9, 2016. *See Kuykendall*, D-504-DM-200500548. Judgment was entered in the case on November 18, 2019. *Id.* Mr. Kuykendall appealed both the judgment and an order holding him in civil contempt for failing to comply with the judgment giving the mother permanent legal and physical custody of their child and ordering him to pay both child support arrearages and monthly child support. *Kuykendall v. Weger*, No. A-1-CA-38705, 2021 WL 4077547, at *1 (N.M. Ct. App. Sept. 8, 2021) (unpublished). The New Mexico Court of Appeals dismissed his appeal. *Id.* The New Mexico Supreme Court denied certiorari. *See Kuykendall v. Weger*, S-1-SC-39035, 547 P.3d 698 (N.M. Nov. 24, 2021).

Meanwhile, in 2018, Plaintiff filed a complaint with the Commission "regarding extrinsic fraud and civil rights violations committed by Kea W. Riggs in her 'official capacity'" arising out of her finding him in contempt of Court and awarding child support against him during an ex parte hearing, even though he had not been properly served with the order to show cause. *See* Compl. ¶¶ 3-5, Dkt. No. 1-1. While Plaintiff's complaint was under review, Judge Riggs was appointed to the federal bench. *See id.* ¶ 7. By letter dated June 4, 2020, the Chair of the Commission informed Plaintiff that it decided that no action should be taken on the complaint, and the inquiry would be

3

closed. Ex. B, Dkt. No. 1-1 at 7 of 7. In the letter, the Commission explained the reasons for its final decision: his allegations concerned issues that can only be addressed by a court; there were insufficient facts or evidence to establish a violation of the Code of Judicial Conduct; and/or allegations concerned someone not subject to the Commission's jurisdiction, which is limited to currently sitting justices or judges on one of the state courts. *See id.*

Nearly five years later, on May 13, 2025, Plaintiff filed suit against the Commission in state court.[3] Plaintiff asserts the following claims against the Commission: obstruction of justice, extrinsic fraud and fraud upon the court, violations of due process, violation of the Thirteenth Amendment and crimes against humanity, and violations of the New Mexico Civil Rights Act ("NMCRA"), N.M. Stat. Ann. §§ 41-4A-1 to -13 (2021).  Compl. ¶¶ 18-23, Dkt. No. 1-1.

Following removal to this Court, Defendant moved to dismiss all claims based on judicial or quasi-judicial immunity, failure to state a plausible claim for relief, and failure to file the claims within the respective statute of limitations period. *See* Def.'s Mot. 3-11, Dkt. No. 4. In Plaintiff's belated response, he argues that judicial immunity and finality do not apply where acts were taken without valid jurisdiction. Pl.'s Resp. 2-3, Dkt. No. 16. He contends he is seeking prospective and declaratory relief to halt enforcement of void acts, not to relitigate the custody proceedings, and that "the undisputed record shows lack of service and absence of a jurisdictional hearing record." *Id.* at 3. Plaintiff asserts that the absence of a transcript precludes dismissal, or alternatively, warrants an evidentiary hearing on the issue of jurisdiction. *Id.* As to Defendant's statute of limitations arguments, Plaintiff contends they "fail where enforcement continues and where the absence of a hearing record and a sua sponte closure blocked meaningful appellate review." *Id.*

---

[3] This case is not the first federal case Plaintiff filed arising from the State Custody Case. He sued Judge Riggs and the New Mexico Human Services Department Child Support Enforcement Division, among numerous others, on January 10, 2018. *See Kuykendall v. Bell, et al.*, 18cv35 JAP-CG, Compl. (Dkt. No. 1) (D.N.M.). The Honorable James A. Parker dismissed the case without prejudice on February 1, 2018. *Id.*, Mem. Op. and Order (Dkt. No. 5).

Defendant filed a reply arguing that the response was untimely, and that Plaintiff's claims lack merit. Reply, Dkt. No. 18. Plaintiff filed a sur-reply, reasserting that he is timely challenging Defendant's continuing failure to act, resulting in ongoing harm, and that judicial immunity does not shield an oversight body's failure to act. Pl.'s Sur-Reply 1-2, Dkt. No. 20.

Plaintiff also filed four separate motions. First, Plaintiff seeks an order confirming he preserved his right to a jury trial. Pl.'s Mot. for Jury Tr., Dkt. No. 12. Second, Plaintiff requests an evidentiary hearing on the issue of jurisdiction, to wit, whether the August 17, 2015 hearing conferred jurisdiction in the underlying state case. Pl.'s Mot. for Evidentiary Hr'g., Dkt. No. 13. Third, Plaintiff asks for a "temporary stay and injunction of state court enforcement actions derived from void proceedings." Pl.'s Mot. to Stay, Dkt. No. 14. According to Plaintiff, because the August 17, 2015 hearing occurred without service on him and without a preserved record of what occurred at the hearing, all orders and enforcement actions occurring thereafter are void, and the state court did not have personal or subject matter jurisdiction over him. *Id.* Finally, Plaintiff moves the Court to take judicial notice of the official docket and record entries in the State Custody Case. *See* Pl.'s Judicial Notice Mot., Dkt. No. 15.

## II. DEFENDANT'S MOTION TO DISMISS

### A. Standard

When reviewing a plaintiff's complaint under Rule 12(b)(6), the court must accept all well-pleaded allegations as true and construe them in a light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A court, however, will not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a formulaic recitation of the elements devoid of facts, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, the plaintiff must allege facts stating a claim to relief that is

5

plausible on its face. *Id.* Plausibility means more than a "sheer possibility." *Id.* A pro se litigant's pleadings are construed liberally using a less stringent standard than pleadings drafted by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While a court may make allowances for the pro se plaintiff's failure to cite proper legal authority, his misunderstanding of legal theories, or his unfamiliarity with pleading requirements, a court will not act as advocate for the pro se litigant. *Id.* A court should dismiss a claim with prejudice when it finds that it would be futile to allow the plaintiff to amend that claim. *Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022).

### B. Analysis[4]

Article 6, Section 32, of the New Mexico Constitution created the New Mexico Judicial Standards Commission. N.M. Const. Art. 6, § 32. The Commission has the authority to discipline or remove any justice, judge, or magistrate of any court "for willful misconduct in office, persistent failure or inability to perform a judge's duties, or habitual intemperance, or may be retired for disability seriously interfering with the performance of the justice's, judge's or magistrate's duties that is, or is likely to become, of a permanent character." *Id.* The Commission investigates judicial complaints and may appoint special masters to conduct evidentiary hearings, the reports of which are considered by the Commission. *See id.*; N.M. Stat. Ann. § 34-10-2.1(B)(1)-(3). "Its purpose is to oversee and investigate the performance, conduct and fitness of members of the judiciary." *State ex rel. New Mexico Judicial Standards Com'n v. Espinosa*, 2003-NMSC-017, ¶ 2, 134 N.M. 59

---

[4] As an initial matter, the failure of a party to file a response within the prescribed time for doing so constitutes consent to grant the motion. D.N.M. Local R. Civ. P. 7.1(b). The filing of a surreply requires leave of Court. D.N.M. Local R. Civ. P. 7.4(b). In this case, neither party filed a timely response to the motions. Defendant did not move to strike the surreply. Based on the record, the Court recommends not deeming the lack of a timely response to constitute consent to grant the motions, as the parties clearly oppose the respective motions. Moreover, consideration of the untimely briefs and the surreply will not cause prejudice to Defendant, as the arguments therein are not persuasive. The Court thus recommends considering, but rejecting on the merits, the arguments raised in Plaintiff's untimely response and surreply.

(internal quotation omitted). The Commission has authority to recommend discipline or removal, but the New Mexico Supreme Court independently reviews the proceedings de novo to determine whether to accept the Commission's recommendation. *See In the Matter of Rodella,* 2008-NMSC-050, ¶ 8, 144 N.M. 617; N.M. Stat. Ann. § 34-10-2.1(B)(4).

### 1. Federal claims brought under Section 1983 should be dismissed with prejudice.

In his jurisdictional statement, Plaintiff cites 42 U.S.C. § 1983, which the Court construes as the vehicle by which Plaintiff brings his federal claims. Plaintiff seeks both damages and injunctive relief in his complaint. *See* Compl. 5, Dkt. No. 1-1. Defendant argues that Plaintiff cannot state a § 1983 claim because he has not sued an individual state actor, as § 1983 requires.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff thus must assert a § 1983 cause of action against a "person." 42 U.S.C. § 1983; *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). Plaintiff only named as a defendant in this case the New Mexico Judicial Standards Commission, a state commission created within the Judicial Department whose recommendations are considered by the New Mexico Supreme Court. *See* N.M. Const. Art. 6, § 32; N.M. Stat. Ann. § 34-10-2.1(B)(4). It is thus an arm of the state and not a "person" under § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *McLaughlin*, 215 F.3d at 1172 (holding that, where plaintiff sued only Board rather than individual trustees under § 1983, plaintiff failed to state a claim against a person covered by section 1983). Consequently, the Court recommends that Plaintiff's due process and Thirteenth Amendment claims brought under § 1983 be dismissed for failure to state a claim. To the extent

his claims for obstruction of justice and crimes against humanity are brought under § 1983, they too should be dismissed.

Claims under § 1983 may be cognizable when brought against an individual state official in either a personal or official capacity. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) ("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983."); *McLaughlin*, 215 F.3d 1168 at 1172 n.2 (noting that "a state official in his or her official capacity, when sued for [prospective] injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State") (internal quotation marks omitted). Defendant nevertheless argues that the dismissal of the claims should be with prejudice based on futility of amendment. The Court agrees.

In New Mexico, Section 1983 claims have a three-year statute of limitations. *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). Plaintiff's alleged claims against the Commission arose on June 4, 2020, when it decided not to act on his complaint. Plaintiff did not file his § 1983 claims until May 13, 2025, nearly five years after the cause of action arose. Plaintiff argues that he alleges a continuing failure by Defendant, resulting in ongoing collateral harm. Pl.'s Surreply 2, Dkt. No. 20. He cites no authority in support of his argument. Plaintiff's allegations against the Commission stem from its final decision on his complaint. Plaintiff has not alleged sufficient ongoing violations by the Commission that would restart the limitations period. Nor has he asserted any valid grounds to toll the statute of limitations. Consequently, any § 1983 claim he attempted to assert against an individual member of the Commission arising from the events alleged in the complaint would be time-barred. The Court therefore recommends that Plaintiff's § 1983 claims be dismissed with prejudice. Given this recommendation, the Court need not reach the alternative grounds Defendant raised for dismissing Plaintiff's § 1983 claims.

### 2. Obstruction of justice claim should be dismissed with prejudice.

In his claim for "Obstruction of Justice," Plaintiff alleges that the Commission ignored conclusive evidence in failing to recommend removal of Judge Riggs and covered up criminal behavior. Am. Compl. ¶ 18, Dkt. No. 1-1. Defendant argues that there is no civil claim for obstruction of justice, so this claim should be dismissed under Rule 12(b)(6). Plaintiff, in response, did not specifically address this argument or provide any authority in support of this claim.

Federal statutes outlawing obstruction of justice do not provide a private right of action. *See Sullivan v. Univ. of Kansas Hospital Authority*, 844 F. App'x 43, 51 (10th Cir. Jan. 29, 2021) (unpublished). Plaintiff has not cited any statute or other authority to indicate that New Mexico recognizes a civil claim for obstruction of justice. Plaintiff thus failed to state a plausible claim under either federal or state law for obstruction of justice. The Court thus recommends that this claim be dismissed with prejudice. In light of this recommendation, the Court need not consider the alternative reasons Defendant gave for dismissing this claim.

### 3. Claims for extrinsic fraud and fraud upon the Court should be dismissed with prejudice.

According to Defendant, Plaintiff fails to meet the heightened pleading standard for fraud and the claims are time-barred, so his fraud claims should be dismissed with prejudice. Plaintiff also did not address this argument in either his response or surreply.

Under New Mexico law, an actionable fraud requires the plaintiff to establish the following elements: (1) a misrepresentation of a fact, (2) either known to be untrue by the maker or recklessly made, (3) an intent to deceive and to induce reliance upon the misrepresentation, and (4) detrimental reliance on the misrepresentation. *See Wilde v. Westland Dev. Co., Inc.*, 2010-NMCA-085, ¶50, 148 N.M. 627 (quoting *Unser v. Unser*, 86 N.M. 648, 653-54, 526 P.2d 790, 795-96 (1974)); *Williams v. Stewart*, 2005-NMCA-061, ¶ 34, 137 N.M. 420. "In alleging fraud or mistake,

9

a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Where a party fails to plead fraud with particularity, dismissal is appropriate. *See Saylor v. Valles*, 2003-NMCA-037, ¶ 22, 133 N.M. 432.

> Plaintiff alleges the following facts in support of his fraud claim:
>
> The Defendants claim that Kea W. Riggs followed the rule of law. However, she held an ex-parte hearing in which the Plaintiff was not invited to, destroyed the Plaintiff financially for life, terminated the Plaintiff's relationship with his child due to her hatred and discrimination against single father[]s then carried on as if Kuykendall was allowed to present his defense.

Compl. ¶ 19, Dkt. No. 1-1. Plaintiff has not adequately pled that Defendant made a false statement or had knowledge of the falsity of its statement or recklessly made the statement. Nor has Plaintiff alleged that Defendant harbored an intent to deceive and to induce reliance on the representation or that Plaintiff relied on the statement to his detriment. Plaintiff failed to satisfy either Rule 12(b)(6) or Rule 9(b), and thus, the Court recommends that his fraud claim be dismissed.

Defendant additionally argues that dismissal of this claim should be with prejudice because it is time-barred. The Court again agrees. In New Mexico, fraud claims are subject to a four-year statute of limitations. *See* N.M. Stat. Ann. § 37-1-4. By letter dated June 4, 2020, the Commission informed Plaintiff that there were insufficient facts or evidence to establish a violation of the Code of Judicial Conduct. Ex. B, Dkt. No. 1-1 at 7 of 7. Plaintiff filed his complaint on May 13, 2025, more than four years after the alleged fraud arose. Plaintiff's allegations do not show a continuing violation or other grounds to toll the statute of limitations. Consequently, the Court recommends dismissing Plaintiff's fraud claim with prejudice. The Court need not reach the alternative asserted grounds for dismissing this claim.

### 4. Crimes against humanity claim should be dismissed with prejudice.

Under his heading "For Violations of Rights Under the 13th Amendment to the Constitution & CRIMES AGAINST HUMANITY," Plaintiff asserts that "[d]enying someone the right to Due Process then confiscating every penny earned so the person can no longer afford to eat or gather meals in the wild is a crime against humanity." Compl. ¶ 21, Dkt. No. 1-1. It is unclear whether Plaintiff is attempting to assert a "crimes against humanity" claim apart from his due process and Thirteenth Amendment claims. To the extent he is, Defendant argues that Plaintiff has not identified any civil claim for crimes against humanity cognizable under New Mexico law. Plaintiff failed to address this argument or to cite any authority in support of such a claim either in his response or surreply. Regardless whether there is a valid federal or state civil claim against perpetrators of crimes against humanity, the facts of the Complaint here most assuredly do not plausibly state any such claim against the Commission. The Court recommends dismissal of this claim with prejudice.

### 5. NMCRA claim should be dismissed with prejudice.

Plaintiff asserts a claim for violations of the NMCRA based on "continued involuntary servitude and criminal confiscations occurring against the Plaintiff due to the Defendant obstructing justice for profit." Compl. ¶ 23, Dkt. No. 1-1. In addition to contending judicial immunity bars this claim, Defendant argues that Plaintiff's NMCRA claim must be dismissed because it is time-barred and did not arise after the date set in the NMCRA for valid prospective claims.

The NMCRA "authorizes a person to sue a public body for deprivations of the rights, privileges, and immunities guaranteed by the Bill of Rights in Article II, Sections 17 and 18 of the New Mexico Constitution." *Bolen v. New Mexico Racing Com'n*, 2025-NMSC-034, ¶ 1, 578 P.3d

1121. "Claims arising solely from acts or omissions that occurred prior to July 1, 2021 may not be brought pursuant to the New Mexico Civil Rights Act." N.M. Stat. Ann. § 41-4A-12. Here, Plaintiff's claims against the Commission arose, at the latest, on June 4, 2020, well shy of July 1, 2021. The Court thus recommends that Plaintiff's NMCRA claim be dismissed with prejudice. *Cf. Tucker v. Univ. of New Mexico Bd. of Regents*, 618 F.Supp.3d 1201, 1211 (D.N.M. 2022) (dismissing NMCRA claim because it arose from events occurring from August 2017 to August 2019, well before the requisite July 1, 2021 date set forth in the NMCRA, which has no retroactive application). Given this determination, the Court need not consider Defendant's others reasons for dismissal.

### III.     PLAINTIFF'S MOTIONS

In his *Motion for Judicial Notice* (Dkt. No. 15), Plaintiff requests the Court take judicial notice of the official court records in the underlying State Custody Case. As previously discussed, the Court, when ruling on the motion to dismiss, took judicial notice of the state court docket and proceedings because Plaintiff attached the docket sheet to his complaint and discussed the contents in the complaint. Plaintiff, however, requests judicial notice that the state record establishes the lack of personal jurisdiction over Plaintiff; the "absence of any tape, log, transcript, or certified record for August 17, 2015[,] establishes that the state court cannot prove that a jurisdiction-conferring hearing occurred;" and that "jurisdictional defects" occurred in the case. *Id.* at 1-2. Judicial notice is not appropriate as to the legal conclusions Plaintiff asks the Court to draw. Accordingly, the Court recommends granting Plaintiff's motion for judicial notice to the limited extent the Court considered the state court record in ruling on the motion to dismiss but otherwise denying the motion.

Because the Court recommends that Defendant's motion to dismiss be granted, the Court recommends denying as moot Plaintiff's *Motion for Jury Trial*, *Motion for Evidentiary Hearing*, and *Motion for Stay*.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the presiding judge **GRANT** Defendant's *Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted* (**Dkt. No. 4**) and **DISMISS THE CASE WITH PREJUDICE**. The undersigned additionally **RECOMMENDS** that the presiding judge **GRANT IN PART** Plaintiff's *Motion for Judicial Notice of Official State Court Records and Absence of Jurisdictional Transcript* (**Dkt. No. 15**) only to the limited extent the Court considered the state court record in ruling on the motion to dismiss but otherwise should **DENY** the motion. Finally, the undersigned **RECOMMENDS** the Court **DENY AS MOOT** Plaintiff's *Motion Confirming Preservation of Jury Trial Right Following Transfer to Federal Jurisdiction* (**Dkt. No. 12**), *Motion for Evidentiary Hearing on Jurisdictional Record* (**Dkt. No. 13**); and *Motion to Stay and Enjoin State Proceedings and Enforcement Pending Jurisdictional Determination* (**Dkt. No. 14**).

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**